UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONALD J. STRONG, )
 )
    Plaintiff, )
 )
v. ) 2:10-cv-00427-GZS
 )
SOCIAL SECURITY ADMINISTRATION )
COMMISSIONER, )
 )
    Defendant )

**RECOMMENDED DECISION
MOTION FOR DEFAULT JUDGMENT**

On October 20, 2010, Rodney Strong filed in this Court a pleading, styled a "motion to compel," voicing his opposition to a March 8, 2010, decision regarding disability benefits issued by Joseph Shortill, Administrative Law Judge of the Social Security Administration. The Social Security Administration received service of Strong's complaint on October 28, 2010. On December 28, 2010, the attorney for the Social Security Administration filed a timely motion to dismiss Strong's complaint with an incorporated memorandum of law and attached affidavit (Docket No. 13). On December 28, 2010, a copy of the motion was mailed by FedEx Express overnight mail, properly addressed to: Ronald J. Strong, 141 Washington Ave., Portland, ME 04101 (Docket No. 13; Attachment 1, FedEx Tracking Confirmation("Attach. 1"). This is the same residence that Strong has provided in his filings with the Court, including below his signature in his now pending motion for default judgment (Docket No. 14). The Social Security Administration received confirmation that FedEx delivered this package to Strong's residence on December 29, 2010, (Attach. 1, noting that the package was left at the side door).

1

Nevertheless, Strong moved for default judgment[1] against the Social Security Administration, claiming that he never received such filing as of December 29, 2010. As a courtesy to Strong, after receiving his motion, the agency mailed a second copy of its motion papers to Strong via FedEx Express overnight mail, requiring a signed receipt on this second attempt. Delivery was accomplished on January 11, 2011. (See Doc. No. 16-3.)

Strong questions the validity of the first delivery because of the notation about release being authorized without a signature, but there is nothing in the Rules that requires a signature in order to effectuate service of a motion to dismiss. (See Fed. R. Civ. P. 5(b)(2)(C)). The record demonstrates that the defendant filed and timely served an appropriate response to Strong's original "motion to compel" *qua* complaint. Accordingly, I recommend that Strong's motion for default judgment be denied.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 26, 2011

---

[1] It should be noted that, pursuant to Rule 55(d) of the Federal Rules of Civil Procedure, a default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court. Thus, even if Strong had some meritorious technical argument about the agency's default (he does not), he would not automatically be entitled to have judgment entered in his favor. He would still have to prove his case to this Court.