UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD J. STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:10-cv-00427-GZS |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

Rodney Strong seeks judicial review of (1) the final decision of the Commissioner of Social Security as to the onset date of his disability under Title II of the Social Security Act and (2) the Commissioner's separate determinations as to the amount of child's insurance benefits awarded to him. The Commissioner has moved for the dismissal of the complaint due to a lack of subject matter jurisdiction. (Doc. No. 13.) With respect to Strong's first claim, the Commissioner asserts that Strong failed to commence a civil action within the limitation period specified in 42 U.S.C. § 405(g). With respect to the second claim, the Commissioner maintains that it is not ripe for review because Strong has not exhausted his administrative remedies as prescribed by 42 U.S.C. § 405(g) and 20 C.F.R. § 404.900(a). Strong filed a preemptive motion for default judgment, but he has not filed an opposition to the Commissioner's motion to dismiss. For reasons that follow, I recommend that the Court grant the Commissioner's motion.

**THE ADMINISTRATIVE PROCESS**

The Commissioner's final decision is the March 8, 2010, decision issued by Administrative Law Judge Joseph Shortill. The Decision Review Board did not select the claim

for review.[1] (Doc. No. 1-1 at 1.) Judge Shortill's decision, following the familiar five-step sequential evaluation process, found Strong to be disabled from substantial gainful activity because he met the requirements for listing 12.08, personality disorders, at step 3. Judge Shortill found that Strong has been disabled since December 12, 1973, to the present and was entitled to child's insurance benefits because he had a disability that began before attainment of age 22. The Judge made no finding with respect to disability for the period from Strong's birth in 1960 through December 12, 1973. (Id. at 6.) Since the decision is fairly characterized as fully favorable to Strong, the only portion he seeks to appeal is the Judge's failure to make any finding regarding disability for the period from 1960 to 1973. The decision also informed Strong that another office of the Agency would process the matter and send him a letter within 45 days about the amount of his benefits. (Id. at 1.) The Shortill decision offers no determination regarding the amount of benefit.

On April 13, 2010, the Commissioner sent Strong a notice of award, informing him of his entitlement to child's benefits beginning in July 2001. (Decl. of Marian Jones, Ex. 2, Doc. No. 13-1 at 14.) The notice explained that the Commissioner was withholding a portion ($20.281.52) of the retroactive child's benefits ($56,410.50) because Strong already had received supplemental security income ("SSI") during that time period.[2] (Id.) The notice advised Strong of his right to appeal the award/benefit determination by filing a request for reconsideration within 60 days of receipt of the notice. (Id. at 16-17.) On June 11, 2010, Strong

---

[1] Strong has attached a request for review that he made to the Decision Review Board on May 21, 2010, seeking review and relief "mak[ing] a ruling of the disability from [redacted], 1960 (claimant's birthday) through December 12, 1973." (Doc. No. 1-2 at 1). This document adds nothing to the administrative process because Strong had already been informed that the Shortill decision was the final decision. The May 21 request is not related to the April 13, 2010, Notice of Award and clearly does not seek review of that determination of the amount of benefits. Furthermore, the Decision Review Board would review the decision of the administrative law judge and, as discussed more fully in the section regarding Strong's failure to exhaust administrative remedies, he never appealed the amount of the award beyond his request for reconsideration.

[2] See 20 C.F.R. § 404.408b.

requested reconsideration of the award/benefit determination. (Id. at 4, 23-25.) In a notice of reconsideration dated October 18, 2010, the Commissioner advised Strong that the initial determination had been affirmed, and that he had the right to appeal the reconsideration determination by requesting a hearing within 60 days of the date of receipt of the notice of reconsideration. (Id. at 4, 26-32.) The Commissioner sent Strong subsequent notices on November 5, 2010, and November 13, 2010, informing him of increases in his monthly benefits due to the identification of additional earnings that had not previously been credited. (Id. at 4, 33-38.) Each of these notices informed Strong of his right to appeal the benefit adjustments by filing requests for reconsideration within 60 days of receipt of the notices. (Id. at 33-34, 36-37.) As of December 20, 2010, Strong had not been to an administrative hearing regarding the October 18, 2010, reconsideration determination. (Id. at 4.) This case was filed on October 20, 2010.

## DISCUSSION

Congress has prescribed the procedures and conditions for judicial review of final decisions made by the Commissioner on claims arising under Title II of the Social Security Act. The provisions state in relevant part:

> (g) Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) Finality of Commissioner's decision. The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or

3

> 1346 of title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. §§ 405(g), (h).  The Commissioner's regulations further explain the availability of judicial review and the time for instituting civil actions.  20 C.F.R. § 422.210.

A.     **Statute of Limitation**

The Congressional intent embodied in 42 U.S.C. § 405(g) was "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits."  Califano v. Sanders, 430 U.S. 99, 108 (1977).  The 60-day filing period is not jurisdictional, but rather amounts to a statute of limitation and compliance with it is a condition imposed on the United States' waiver of sovereign immunity that must be strictly construed.  Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919, *3, 1994 U.S. App. Lexis 16155, *10 (1st Cir. June 27, 1994) (unpublished opinion).  The regulations specify that a claimant's receipt of notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

The 60-day limit is not absolute, however, because the statute does vest authority in the Commissioner to extend that period in appropriate cases.  Because Congress has vested authority in the Commissioner to extend the 60-day limitation period, courts should extend the filing period only in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."  Bowen v. City of New York, 476 U.S. 467, 480 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).  In this case, Strong never requested or obtained an extension of the time to file his complaint.  (Jones Aff. ¶ 3(g), Doc. No. 13-1 at 4.)  To the extent he seeks to challenge any portion of the "fully favorable" March 8 final decision, his complaint was filed more than seven months after the final decision

4

and is untimely. The Commissioner's motion should be granted as to that portion of his complaint.

**B.     Failure to Exhaust**

Turning to the second issue raised by Strong, the amount of his benefits and the offset withheld by the agency, only those decisions of the Commissioner that are "final" are subject to judicial review. See 42 U.S.C. § 405(g) ("Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . .") (emphasis added). In turn, the Commissioner's regulations provide that a claimant must complete an administrative review process to obtain a judicially-reviewable final decision. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988); see also 20 C.F.R. § 404.900(a)(5) ("When you have completed the steps of the administrative review process . . . we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."). The administrative review process is not complete until a claimant who is dissatisfied with a reconsideration determination has had a hearing before an administrative law judge. 42 U.S.C. § 405(h); 20 C.F.R. §§ 404.900(a), 405.1(b). The regulations specifically include determinations regarding the amount of benefits, the overpayment or underpayment of benefits, and the offset of Title II benefits due to previously received SSI benefits, as actions that are judicially reviewable only after exhaustion of administrative review. See 20 C.F.R. § 404.902(c), (j), (r).

Because there has been no administrative hearing on the issue of the amount of (or any underpayment or offsets to) Strong's child's benefits, he has not exhausted his administrative

appeal remedies. See 20 C.F.R. §§ 404.900(a), 404.902. Absent a "final decision" of the Commissioner on this issue, the matter is not ripe for judicial review.

On October 18, 2010, Strong was notified that his request for reconsideration regarding the amount of his claim for Child's Insurance Benefits had been reviewed and the agency believed its initial determination was correct. Strong was told that he had the right to have an administrative law judge review this determination. (Doc. No. 13-1 at 26.) Strong was familiar with the administrative review process because he had obtained a final order regarding his *eligibility* for benefits in March. There is no issue about this Court's authority to review Judge Shortill's eligibility determination, if only a timely appeal had been filed in the Court. The notice made it clear that Strong needed to complete the same process regarding the *amount* of his benefits. Instead, Strong filed a premature complaint in this Court attempting to challenge the way his benefits had been calculated. This Court does not have statutory authority to hear an appeal from a denial of a request for reconsideration at the administrative level.

## CONCLUSION

Based upon the foregoing, I recommend that the court grant the Commissioner's motion to dismiss and dismiss this matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 26, 2011 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge